# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO) (Jointly Administered) |
| Debtors. | |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | |
| v. | |
| THERMO ELECTRON NA, | Adv. Proc. No. 25-50319 (KBO) |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO TRUSTEE'S COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

THERMO ELECTRON NA, ("Thermo Electron" or "Defendant") by its undersigned counsel files its answer and affirmative defenses to the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint") filed by George L. Miller, in his capacity as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (collectively, the "Debtors") and states as follows:

## NATURE OF ACTION

1.      Paragraph 1 contains a conclusory statement of the nature of the complaint and relief sought by Plaintiff to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff may avoid and recover from Defendant any preferences or voidable transfers under the United States Code (the "Bankruptcy Code")

2.      Paragraph 2 contains a conclusory statement of the nature of the complaint and relief sought by Plaintiff to which no response is required.  To the extent a response is required, Defendant denies that there is any basis to disallow claims of Defendant under any section of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      Paragraph 3 contains a conclusion of law to which no response is required.

4.      Paragraph 4 contains a conclusion of law to which no response is required.

5.      Paragraph 5 contains a conclusion of law to which no response is required. To the extent a response is required Defendant denies the allegations in Paragraph 5.

6.      Paragraph 6 contains a conclusion of law to which no response is required. To the extent a response is required Defendant denies the allegations in Paragraph 6.

7.      Paragraph 7 contains a conclusion of law to which no response is required. To the extent a response is required Defendant denies the allegations in Paragraph 7

8.      Paragraph 8 contains a conclusion of law to which no response is required. To the extent a response is required Defendant denies the allegations in Paragraph 8.

## THE PARTIES

9.      Paragraph 9 is admitted.

10.     Paragraph 10 contains a conclusion of law to which no response is required. To the extent a response is required Defendant denies the allegations in Paragraph 10.

11.     Paragraph 11 is admitted with respect to the allegation that Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for one or more of the Debtors prior to the Petition Date.

## BACKGROUND

12.     Paragraph 12 is admitted.

13.     Paragraph 13 is admitted.

14.     After reasonable investigation, Defendant is without information sufficient to form a basis as to the truth of the allegations contained in Paragraph 14.   Accordingly, Defendant denies those allegations as stated.

15.     Paragraph 15 is denied as stated to the extent it incorrectly characterizes the relationship between Defendant and the Debtor.   It is admitted that the Debtor and Defendant were parties to various contracts and engaged in business transactions pursuant to the terms of those contracts; however such contracts are written documents which speak for themselves.

16.     Denied as stated.  Defendant admits that payments pursuant to the contract terms and in the ordinary course of business were made to Defendant.

17.     Denied. Defendant did not receive a demand letter.  By way of further response the alleged Demand Letter is a written document which speaks for itself.

18.     Denied. Defendant did not receive a demand letter.  By way of further response the alleged Demand Letter is a written document which speaks for itself.

19.    Denied. To the extent Paragraph 19 contains conclusions of law, no response is required. Had Plaintiff performed its own due diligence it would not have filed the complaint.

20.    Paragraph 20 states conclusions of law to which no response is required. To the extent a response is required the allegations are denied.

21.    Defendant is without information sufficient to form a basis as to the truth of the allegations of what "Plaintiff may learn" as stated in Paragraph 21. Paragraph 21 states conclusions of law to which no response is required. To the extent a response is required the allegations are denied. Defendant reserves the right to oppose the amendment of the Complaint to add any transfers, to object to the relation back of any such amendment to the filing date of the Complaint, and/or any other amendments, supplements, or modifications to the Complaint.

22.    Defendant is without information sufficient to form a basis as to the truth of the allegations stated in Paragraph 22, and therefore denies them.  To the extent a response is required, the Debtor's schedules are written documents which speak for themselves.

23.    Admitted that during the pendency of the chapter 7 cases, the Court entered orders authorizing the sale of substantially all of the Debtors' non-litigation assets and the trustee made interim distributions, but denied to the extent Paragraph 23 mischaracterizes the various docket entries which are written documents which speak for themselves.

24.    Denied. It appears that the Trustee is recovering significant amounts of money and disallowing significant number of claims and therefore the allegation that creditors will not be paid in full is not a statement that Defendant can form a reasonable belief as to the truth or falsity thereof and thus the statement is denied.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

25.     Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

26.     The allegations of paragraph 26 are admitted in part and denied in part. It is admitted that Debtor made payments to Defendant to, through and after the Petition Date pursuant to the contracts between Debtors and Defendants. It is admitted that **Exhibit A** has a list of payments totaling $18,281.34. It is denied that these payments are voidable "transfers".

27.     Admitted.

28.     Admitted.

29.     Paragraph 29 states a conclusion of law to which no response is required. To the extent a response is required the allegations in paragraph 29 are denied.

30.     Paragraph 30 states a conclusion of law to which no response is required. To the extent a response is required the allegations in paragraph 30 are denied..

31.     Defendant objects to the term "to which such Transfer relates" because it is vague and susceptible to multiple interpretations. To the extent a response is required, Paragraph 31 is denied.

32.     Admitted that the dates reflected on Exhibit A were in the Preference Period. Denied that payments in that time were voidable transfers.

33.     Denied.

34.     Defendant admits that it has not remitted the amount of the Transfers to Plaintiff. The rest of Paragraph 34 is denied as stated. Defendant did not receive a demand letter.

35.     Denied.

## COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))

36.     Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

37.     To the extent that Paragraph 37 sets forth legal conclusions, no response is required. To the extent that a response is required, Paragraph 37 is denied.  All payments ever received by Defendant were pursuant to a contract for services, goods, and other adequate consideration.

38.     Denied.

## COUNT III
### (Recovery of Property – 11 U.S.C. § 550)

39.     Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

40.     Denied.

41.     Denied that payments to Defendant were voidable transfers. It is admitted that Defendant was the initial transferee of payments Defendant received from Debtors pursuant to contracts between Debtors and Defendant.

42.     Denied.

## COUNT IV
### (Disallowance of Claims – 11 U.S.C. § 502)

43.     Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

44.     Denied.

45.     Paragraph 45 states a conclusion of law to which no response is required but to the extent a response is required it is denied that any transfers made to Defendant were

transfers that are voidable and for which Defendant would be liable under section 550 of the Bankruptcy Code.

46.     Paragraph 46 states a conclusion of law to which no response is required but to the extent a response is required it is denied.

WHEREFORE, Defendant prays that the Court dismiss Plaintiff's Complaint with prejudice and for such further and other relief as may be just and proper.

## AFFIRMATIVE DEFENSES.

47.     Defendant incorporates by reference its response to the preceding paragraphs as if such responses were set forth at length.

48.     The Plaintiff may not avoid the Transfers allegedly made by the Debtor to the Defendant pursuant to 11 U.S.C. § 547(c)(2).

49.     The Plaintiff may not avoid the Transfers allegedly made by the Plaintiff to the Defendant pursuant to 11 U.S.C. § 547(c)(4).

50.     The Plaintiff may not avoid the Transfers allegedly made by the Plaintiff to the Defendant pursuant to 11 U.S.C. § 547(c)(1).

51.     The Complaint fails to state a claim upon which relief can be granted.

52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of set-off.

53.     Plaintiff's claims are barred, in whole or in party, by the doctrine of recoupment.

54.     Plaintiff's Complaint is barred because avoidance of the alleged preferential transfer will not benefit unsecured creditors of the Debtor's estate.

55.     Debtor received a reasonably equivalent value and/or fair and reasonable consideration in exchange for each of the Transfers.

56.     The alleged Transfers neither satisfy the prima facie elements of 11 U.S.C. §§ 548 and 544, nor satisfy the prima facie elements under non-bankruptcy law as incorporated by the Bankruptcy Code.

57.     The alleged Transfers to Thermo Electron are not recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code, and Thermo Electron's claim is not disallowable under 11 U.S.C. § 502(d).

58.     Thermo Electron reserves the right to modify its affirmative defenses or raise further affirmative defenses which may become known during discovery.

WHEREFORE, Defendant, Thermo Electron NA, respectfully requests that this Honorable Court enter judgment in favor of Defendant and against Plaintiff, dismiss the Complaint with prejudice, and award Defendant costs and attorney's fees associated with the defense of this adversary proceeding.

Respectfully submitted,

Dated:   September 9, 2025          HILLER LAW, LLC
          Wilmington, Delaware

*/s/ Adam Hiller*
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, DE  19801
Phone:  302-442-7677
ahiller@adamhillerlaw.com

-and-

Beverly Weiss Manne, Esquire
Maribeth Thomas, Esquire
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-594-5525
Fax: 412-594-5619
Email:      bmanne@tuckerlaw.com
            mthomas@tuckerlaw.com

*Counsel for PPD Development, LP*